CIACCIO, Judge.
In this application for supervisory writs, relator contends that the trial court erred in refusing to quash a defective bill of information. Relator argues that the bill is defective and should be quashed in that it fails to charge an offense punishable under a valid statute. La.C.Cr.P. Art. 531, 532(1).
The relator is charged with indecent behavior with a juvenile. La.R.S. 14:81. That statute defines such behavior as follows:
La.R.S. 14 Sec. 81. Indecent behavior with juveniles
A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person....
*1161 In this case the bill of information charged that the defendant “committed indecent behavior with a juvenile, namely: Shawn Knight, age fifteen (15) years old, by the commission of a lewd and/or lascivious act upon the said Shawn Knight.”
The bill of information was enlarged by the State’s answer to a bill of particulars which provided the following information:
2(c) On August 3, 1988 at 5:10 p.m. the defendant st(r)oked victim’s penis in the restroom at Lake Forest Shopping Center.
Relator argues that the bill is defective in that it failed to set forth two essential elements of the crime; namely that (1) the act was lewd and lascivious and that it was done (2) with the intention of arousing or gratifying the sexual desire of either person.
An accused shall be informed of the nature and cause of the accusation against him. La. Const.1921, Art. 1 Sec. 10. The indictment (or information) shall be a plain, concise and written statement of the essential facts constituting the offense charged. La.C.Cr.P. Art. 461.
The bill in question, as augmented by the answer to the bill of particulars, does give the essential facts constituting the offense charged in that it informs the defendant of the date and time of the offense and specifically what acts are alleged to constitute the offense. Although the bill does not state that the defendant intended to arouse or gratify sexual desire this omission does not render the bill invalid, in that this element is not an essential fact constituting the offense charged. However, in the interest of clarity, the State may amend the bill of information by alleging that the accused was over the age of seventeen and that there was an age difference greater than two years between the accused and the victim.
Accordingly, for these reasons this writ is denied.